Opinion issued April 29, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00652-CV

———————————

Harris County Appraisal District, Appellant

V.

Chien-Li
Kang Shen and Norberwick Limited Partnership, Appellees



 



 

On Appeal from the 151st District Court 

Harris County, Texas



Trial Court Case No. 2007-52296

 



MEMORANDUM OPINION

Harris County Appraisal District
[“HCAD”] brings this appeal from the trial court’s order denying its plea to
the jurisdiction. In its plea, HCAD contended Chien-Li Kang Shen had no
standing to seek judicial review of HCAD’s resolution of an ad valorem tax
protest because Chien-Li Kang Shen was not the property owner for that tax
year. We reverse and render.

BACKGROUND

The property at issue is located at 22008
N. Berwick Drive in Houston. Chien-Li Kang Shen, his wife, Elizabeth L. Shen,
and Eve Yi Shen, sold the property to Norberwick Limited Partnership
[“Norberwick”] by general warranty deed, and, according to the record, Norberwick was the legal owner of
the property on January 1, 2007. Nevertheless, Chien-Li Kang Shen, but not Norberwick,
filed a notice of protest with HCAD’s Appraisal Review Board concerning the
2007 tax assessment for this property. On July 13, 2007, the chairman of the Appraisal Review Board signed an
Order Determining Protest, ordering a reduction in the appraised value of the
property, which was received on August 15, 2007. Norberwick did not pursue a
protest as the owner of the property.

“Chien-Li Kang Shen, Et Al,” filed an
original petition for judicial review on August 29, 2007, “as the property
owners,” challenging the Appraisal Review Board’s determination. Chien-Li Kang
Shen continued to assert that he owned the property. On November 17, 2008, HCAD
filed a plea to the jurisdiction, arguing that (1) Chien-Li Kang Shen was not
the owner of the property as of January 1, 2007, (2) only the property owner
had standing to appeal from the Appraisal Review Board’s order, and, therefore,
(3) the trial court lacked subject-matter jurisdiction. HCAD attached a copy of
the general warranty deed to its plea.

On June 17, 2009, Chien-Li Kang Shen filed a response to
HCAD’s plea to the jurisdiction and a motion to substitute Norberwick as the
plaintiff pursuant to Rule 28 of the Texas Rules of Civil Procedure.  On that same date, Chien-Li Kang Shen also
filed a first amended original petition adding Norberwick as a plaintiff in the
suit for judicial review.  Chien-Li Kang
Shen’s response also alleged that he was “permitted and authorized to change
the name of a party [to the suit for judicial review] pursuant to the
provisions of Section 42.21(e) of the Property Tax Code.”

On July 2, 2009, the trial court denied
HCAD’s plea to the jurisdiction.  The
trial court also denied Chien-Li Kang Shen’s Rule 28 motion to substitute
Norberwick as the plaintiff.  Despite a
holding from this Court to the contrary, the trial court held that Section
42.21(e) of the Tax Code permits “a different party to be substituted in by amendment”
even after the jurisdictional deadline for filing the suit has passed.  In so holding, the trial court stated as
follows:

The Court is aware that in Koll Bren Fun [sic] VI, LP v. Harris County
Appraisal District, No., 01-07-00321, 2008 WL 525799 (Tex. App.—Houston
[1st Dist.], February 28, 2008, pet. denied), the appellate court interprets
section 42.21(e) differently, and imposes upon it a further requirement of
standing based on the identity of the party who pursued the administrative
appeal.  The statute does not talk about
this, though.  The Koll Bren court’s interpretation of section 42.21(e) likewise
nullifies it.  This Court believes Koll Bren was decided incorrectly, and without
deference to the plain working of the statute.

 

STANDARD OF REVIEW

          Standing
is a component of subject-matter jurisdiction that cannot be waived. Bland
Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 553-53 (Tex. 2000).  If a party has no standing, a trial court has
no subject-matter jurisdiction to hear the case. Id. If a jurisdictional
defect cannot be cured by an amendment, a party may file a plea to the
jurisdiction, and, if the trial court finds the plea meritorious, it may grant
it without allowing the plaintiff an opportunity to amend.  See
County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002).  A defendant may prevail on a plea to the
jurisdiction by demonstrating that, even if all of the plaintiff’s pleaded
allegations are true, an incurable jurisdictional defect remains on the face of
the pleadings that deprives the trial court of subject-matter jurisdiction. Harris
County Appraisal Dist. v. O’Connor & Assocs., 267 S.W.3d 413, 416 (Tex.
App.—Houston [14th Dist.] 2008, no pet.).  A trial court decides a plea to the
jurisdiction by reviewing the pleadings as well as any evidence relevant to the
jurisdictional inquiry.  Blue, 34 S.W. 3d at 555.  We review a trial court’s ruling on a plea to
the jurisdiction de novo, construing the pleadings liberally in favor of the
plaintiff while considering the pleader’s intent.  Tex.
Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226, 228 (Tex.
2004).   In a review of a plea to the
jurisdiction, we cannot examine the merits of the case. See Houston Indep.
Sch. Dist. v. 1615 Corp., 217 S.W.3d 631, 635 (Tex. App.—Houston [14th
Dist.] 2006, pet. denied) (op. on reh’g).

JURISDICTION OVER SUIT FOR JUDICIAL REVIEW

In a single issue, HCAD asserts that the trial court erred
in denying its plea to the jurisdiction. Specifically, HCAD contends that the
trial court lacked jurisdiction because, although Chien-Li Kang Shen timely
filed a petition for judicial review in the name of “Chien-Li Kang Shen Et Al,
as the property owners and the property owners” following the Appraisal Review
Board’s order, Norberwick, not Chien-Li Kang Shen was the property owner at the
relevant time. HCAD also argues that Chien-Li Kang Shen could not amend his
petition to include Norberwick pursuant to section 42.21(e)(1) of the Tax Code
and Texas Rule of Civil Procedure 28.

Standing 

This Court and the Fourteenth Court of Appeals have
repeatedly addressed these jurisdictional issues.  See
Woodway Drive, LLC v. Harris County Appraisal Dist., No. 14-09-00340-CV,
2010 WL 1372702 (Tex. App.—Houston 14th Dist.] April 8, 2010, no pet. h.) (memo
op.); See Woodway Drive, LLC v. Harris
County Appraisal Dist., No. 14-09-00524-CV, 2010 WL 724174 (Tex.
App.—Houston 14th Dist.] March 4, 2010, no pet.) (memo op.); Scott Plaza Assocs., Ltd. v. Harris County
Appraisal Dist., No 14-09-00707-CV, 2010 WL 724189 (Tex. App.—Houston [14th
Dist.] March 4, 2010, no pet.) (memo op.); SWP Remic Props. II, LP  v. Harris County Appraisal Dist., No. 14-08-00425-CV, 2010 WL 26524 (Tex.
App.—Houston [14th Dist] Jan. 7. 2010, no pet.) (memo op.); CL Louetta
Village Square, LP v. Harris County Appraisal Dist., No. 14-08-00549-CV, 2009
WL 4913259 (Tex. App.—Houston [14th Dist.] Dec. 22, 2009, no pet.) (memo op.); Skylane
West, Ltd. v. Harris County Appraisal Dist., No. 14-08-00507-CV, 2009 WL
4913256 (Tex. App—Houston [14th Dist.] Dec. 22, 2009, no pet.) (memo op.);
KM-Timbercreek, LLC v. Harris County Appraisal Dist., No. 01-08-00689-CV, 2009 WL 3321332 (Tex.
App.—Houston [1st Dist.] Oct. 15, 2009, no pet.); Mei Hsu Acquisition Corp.
v. Harris County Appraisal Dist., No. 01-08-00690-CV, 2009 WL 3152152 (Tex.
App.—Houston [1st Dist.] Oct. 1, 2009, no pet.) (memo op.); BACM 2002 PB2 Westpark Dr., LP v. Harris
County Appraisal Dist., No. 14-08-00493-CV, 2009 WL 2145922 (Tex.
App.—Houston [14th Dist.] June 21, 2009, no pet.) (memo op.); Koll Bren Fund, VI, LP v. Harris County
Appraisal District, No. 01-07-00321-CV, 2008 WL 525799 (Tex. App.—Houston
[1st Dist.] February 28, 2008, pet. denied) (memo op.). We decline the trial
court’s invitation to overrule these cases, and we reach the same outcome here
in holding that Chien-Li Kang Shen lacked standing to prosecute Norberwick’s
tax protest.



For a party to be entitled to judicial
review, the party must be the record legal owner of the property and must
protest the initial valuation to the appraisal review board. Timbercreek, 2009 WL 3321332, at *3; Koll Bren, 2008 WL 525799, at *3. Section
42.21(a) of the Tax Code requires a party who appeals as provided by Chapter 42
of the Tax Code to timely file a petition for review with the district court.
Failure to timely file a petition bars any appeal under the chapter. Tex. Tax Code Ann. § 42.21(a) (Vernon
Supp. 2009).[1]  Section 42.01 of
the Tax Code specifies that a “property owner is entitled to appeal . . .
an order of the appraisal review board determining . . . a protest by the property
owner” as provided by sections 41.41 et seq. of the Property Tax
Code.  Id. § 42.01(1)(A) (emphasis
added) (Vernon 2008). Alternatively, a property owner may designate a lessee or
an agent to act on the property owner’s behalf for any purpose under the Tax
Code, including filing a tax protest.  Id.
§§ 1.111 (Vernon 2008) (authorizing a designated lessee or agent to act for a
property owner), 41.413(b) (Vernon 2008) (authorizing a lessee to protest for
the property owner in certain circumstances).

Therefore, to qualify
as a “party who appeals” by seeking judicial review of an appraisal-review
board’s tax determination under section 42.21(a), Chien-Li Kang Shen had to be
an owner of the property, a designated agent of the owner, or the authorized
lessee of the property under the circumstances stated in section 41.413.  See Timbercreek, 2009 WL 3321332, at *3; Koll Bren, 2008 WL 525799, at *3.  A party who does not meet one of the above
criteria lacks standing under the Tax Code.  Timbercreek, 2009 WL 3321332, at *3; Koll
Bren, 2008 WL 525799, at *3.  If the
litigant lacks standing, the trial court is deprived of subject-matter
jurisdiction to consider a suit for judicial review based on an ad valorem tax
protest.  Timbercreek, 2009 WL 3321332, at *3; Koll Bren, 2008 WL 525799, at *3.  

Here, Chien-Li Kang Shen did not own the property as of
January 1, 2007. Chien-Li Kang Shen did not claim rights to protest under the
Tax Code as either a lessee or an agent. Therefore, Chien-Li Kang Shen lacked
standing to pursue judicial review as a “party who appeals” under section
42.21(a). The record does not reflect that Norberwick pursued its right of
protest as the actual property owner. According to the record, Norberwick was
not named as a party until June 17, 2009, when Chien-Li Kang Shen filed a first
amended original petition. Therefore, the Appraisal Review Board had not
determined a protest by the actual property owner, Norberwick, upon which Norberwick
could premise a right to appeal as the property owner.  See Tex.
Tax Code Ann. §§ 42.01(1)(A), 42.21(a); Timbercreek, 2009 WL 3321332,
at *4.

Application of
Section 42.21(e)(1)

HCAD also argues that the trial court had no jurisdiction
because section 42.21(e)(1) does not allow an amendment to substitute the
correct plaintiff after the 45-day period for filing suit has passed.  We agree for the reasons stated in Koll Bren and Timbercreek.

Section 42.21(e) specifies that only petitions that are
“timely filed under Subsection (a)” may later be amended to correct or to change
a party’s name. See Tex. Tax Code Ann. 42.21(e)(1).  To seek judicial review under Subsection (a),
the plaintiff must be a “party who appeals as provided by [Chapter 42],”
meaning the plaintiff must be the property owner, a properly designated agent,
or a lessee. Id. § 42.21(a); see also id. §§ 1.111, 41.413(b).

Chien-Li Kang Shen timely filed a petition for review;
however, Chien-Li Kang Shen did not own the property on January 1, 2007, and
thus lacked standing to seek judicial review. See Timbercreek, 2009 WL 3321332, at *5. Appellants’
argument that subsection 42.21(e)(1) operates to allow Chien-Li Kang Shen to
correct or to change the party’s name presupposes that Norberwick was a proper
party entitled to seek judicial review.  Id.
 However, Norberwick did not pursue its
right of protest as the property owner. When no proper party timely appealed to
the district court, the trial court did not acquire subject-matter jurisdiction,
and the Appraisal Review Board’s determination became final.  See id.



Chien-Li Kang Shen contends that
because suit was filed in the name of “Chien-Li Kang Shen et al, as the
property owners and the Property Owners,” the suit encompasses Norberwick, the
record legal owner of the property, as a plaintiff. Again, this contention
presupposes that Norberwick was a proper party to seek judicial review under
Chapter 42.  See Tex. Tax Code Ann. § 42.01(1)(A); Timbercreek, 2009 WL 3321332, at *5; BACM,
2009 WL 2145922, at *5.  Norberwick did
not pursue its administrative remedies by protesting the valuation of the
property before the Appraisal Review Board and, thus, it failed to satisfy the
jurisdictional requirements to seek judicial review.  Timbercreek,
2009 WL 3321332, at *5; BACM, 2009 WL 2145922, at *5.

Application
of Texas Rule of Civil Procedure 28

Lastly, Chien-Li Kang
Shen contends that the trial court erred in overruling his Rule 28 motion.[2]  He argue that the trial court had
jurisdiction to hear the case because Texas Rule of Civil Procedure 28, which
governs suits by or against entities doing business under an assumed name,
permits substitution of Norberwick as Chien-Li Kang Shen’s “true name.”  Rule 28 states:

Any partnership, unincorporated
association, private corporation, or individual doing business under an assumed
name may sue or be sued in its partnership, assumed or common name for the
purpose of enforcing for or against it a substantive right, but on a motion by
any party or on the court’s own motion the true name may be substituted.

 

Tex. R. Civ. P. 28.  Chien-Li Kang Shen contends that the name Chien-Li
Kang Shen is the “common name” for the “true name” Norberwick.

In this case, Chien-Li Kang Shen attempted to substitute Norberwick
by filing a motion and an amended petition arguing that Rule 28 permitted the
substitution.  For a party to take
advantage of Rule 28 and to sue in its common name, “there must be a showing
that the named entity is in fact doing business under that common name.” Timbercreek, 2009 WL 3321332, at *6; Seidler
v. Morgan, 277 S.W.3d 549, 553 (Tex. App.—Texarkana 2009, pet. denied).
Whether an entity does business under an assumed or common name is a question
of fact for the trial court. Sixth RMA Partners, L.P. a/k/a RMA Partners,
L.P. v. Sibley, 111 S.W.3d 46, 52 (Tex. 2003); Timbercreek, 2009 WL 3321332, at *6.

Chien-Li Kang Shen did not make a showing that Norberwick
was in fact doing business under the common name Chien-Li Kang Shen, nor was
there evidence that the entities, themselves, used the name Chien-Li Kang Shen
as an assumed or common name to warrant application of Rule 28. Compare
Sixth RMA Partners, 111 S.W.3d at 52 (concluding that evidence supported
assumed-name finding when Sixth RMA presented evidence that RMA Partners, L.P.
was used as trade name for various RMA partnerships, RMA letterhead was used,
and payments on notes were made to RMA) and Chilkewitz v. Hyson, 22
S.W.3d 825, 829 (Tex. 1999) (stating that some evidence supported application
of Rule 28 when stationery and phone-number listing used by one-person
professional association contained name of individual). Although
Chien-Li Kang Shen cites HCAD’s records, which reflect Chien-Li Kang Shen as
the property owner even after the property sale, HCAD’s records alone are not
sufficient to establish Norberwick operated its business under the common name
of Chien-Li Kang Shen.  See
Timbercreek, 2009 WL 3321332, at *7 (stating that only Timbercreek could
establish whether it operated its business under an assumed or common name).
There is no evidence that Norberwick held itself out as Chien-Li Kang Shen or
requested HCAD refer to it as Chien-Li Kang Shen in its records.  Id.

          Accordingly, we conclude that the trial court did not err in denying
Chien-Li Kang Shen’s Rule 28 motion.

CONCLUSION



Chien-Li Kang Shen and Norberwick
lacked standing to bring suit, and therefore the trial court lacked
subject-matter jurisdiction to hear the dispute. Because neither Chien-Li Kang
Shen nor Norberwick was a proper party entitled to judicial review under the
Tax Code, section 42.21(e)(1) of the Tax Code did not apply to change the name
of the plaintiff. Likewise, because there was no evidence in the record that Norberwick
was doing business as Chien-Li Kang Shen or that the entities used the name Chien-Li
Kang Shen as a common name for Norberwick, Texas Rule of Civil Procedure 28
could not be used to substitute Norberwick for Chien-Li Kang Shen. Therefore,
the trial court erred in denying HCAD’s plea to the jurisdiction. We reverse
the order denying HCAD’s plea to the jurisdiction, and we render judgment
granting the plea and dismissing the case for want of jurisdiction.






 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Alcala and Higley.

 











[1]           We note that the Texas Legislature
amended subsection 42.21(a), effective June 19, 2009, to extend the time to
file a petition for review from 45 days to 60 days after the party receives
notice that a final order has been entered from which an appeal may be had or
at any time after the hearing but before the 60-day deadline. See Act of
May 29, 2009, 81st Leg., R.S., ch. 905, §§ 1, 5, 2009 Tex. Gen. Laws 2435,
2435-36 (current version at Tex. Tax
Code Ann. § 42.21(a) (Vernon Supp. 2009)). These changes to this
subsection do not affect our resolution of this issue.





 





[2]
              We consider this as a cross-point on appeal because
it presents additional, independent grounds for affirming the trial court’s
judgment.  Thus, appellees were not
required to file a notice of appeal to raise this issue.  See
Dean v. Lafayette Place (Section One) Council of Co-Owners, Inc., 999
S.W.2d 814, 818 (Tex. App.—Houston [1st Dist.] 1999, no pet.)