**Affirmed and Memorandum Opinion filed July 16, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00368-CV

---

### REGIONAL SPECIALTY CLINIC, P.A., Appellant

### V.

### SARNIE RANDLE, JR. AND S. A. RANDLE & ASSOCIATES, P.C., Appellees

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-81941**

---

## M E M O R A N D U M   O P I N I O N

In this appeal following a jury trial, appellant Regional Specialty Clinic, P.A., a health care provider, argues that the trial court abused its discretion in denying attorney's fees after having granted appellant's motion to dismiss appellees' health care liability counterclaim. *See* Texas Medical Liability Act ("TMLA"), Tex. Civ. Prac. & Rem. Code § 74.351(a). We conclude that appellees' counterclaim was not a "health care liability claim" under the TMLA.

Therefore, we hold that the trial court did not err in denying the Clinic's request for attorney's fees.  We affirm.

## Background

Patrick Cuba received medical treatment from the Clinic following an automobile accident.  Cuba and the Clinic entered into an agreement, whereby the Clinic agreed to provide medical treatment pursuant to an assignment of benefits and Cuba promised to pay his medical bills from the recovery, if any, of settlement proceeds against the other driver.  Cuba subsequently settled his personal-injury suit with the alleged third-party tortfeasors; attorney Sarnie Randle, Jr. represented Cuba in that suit.[1]  When neither Cuba nor Randle paid Cuba's bills upon demand from the Clinic, the Clinic sued Randle for tortious interference, money had and received, unjust enrichment, breach of a third-party beneficiary contract, and conspiracy to commit fraud and theft of services.

Randle moved for summary judgment on all claims asserted against him, which the trial court granted.  On appeal, this court reversed the portion of the trial court's judgment rendering summary judgment in Randle's favor on the clinic's claim for breach of a third-party beneficiary contract, affirmed the remainder of the trial court's judgment as challenged on appeal, and remanded the case to the trial court for further proceedings.[2]  *Reg'l Specialty Clinic, P.A. v. S.A. Randle & Assocs., P.C.*, 625 S.W.3d 895, 907 (Tex. App.—Houston [14th Dist.] 2021, no pet.).

---

[1] We refer to the Randle appellees collectively as "Randle."

[2] The relevant part of our appellate judgment states, "We therefore order that the portions of the judgment that render judgment on this claim are **REVERSED** and ordered severed and **REMANDED** for proceedings in accordance with this court's opinion."

On remand, Randle asserted a counterclaim for negligence. Specifically, Randle alleged that the Clinic was negligent for failing to exercise reasonable diligence to notify Randle of its claim for payment sooner than five years after the service was rendered to Cuba and sooner than three years after Cuba settled his case and the settlement funds were distributed. The Clinic, asserting that Randle's counterclaim was a health care liability claim, filed a motion to dismiss the counterclaim under the TMLA because Randle did not serve the requisite expert report. *See* Tex. Civ. Prac. & Rem. Code § 74.351. Randle filed a response, contesting the Clinic's contention that the counterclaim was a health care liability claim.

The parties went to trial on the Clinic's claims for conspiracy and breach of a third-party beneficiary contract. The trial court granted a directed verdict on the conspiracy claim, and the jury found against the Clinic on its remaining claim. The court did not submit, and Randle did not request, a jury question on his negligence counterclaim.

The court signed a final judgment that the Clinic take nothing on its claims and that Randle take nothing on his counterclaim, thus denying all requested relief to all parties. The Clinic filed a motion for new trial. One request in the Clinic's motion was that the trial court make a specific ruling on the motion to dismiss Randle's counterclaim and award the Clinic its attorney's fees under the TMLA. In his response to the motion for new trial, Randle argued that the Clinic was not entitled to attorney's fees under the TMLA because his negligence counterclaim did not qualify as a health care liability claim, and, in any event, the Clinic did not prove up attorney's fees.

The trial court signed two additional orders within its period of plenary jurisdiction. The first was an order denying the Clinic's motion for new trial.

3

Second, the trial court signed an order stating that the Clinic's motion to dismiss Randle's health care liability counterclaim is granted; that the counterclaim is dismissed with prejudice; and that the Clinic's request for attorney's fees is denied.

The Clinic appealed.

## Analysis

In a single issue, the Clinic argues that the trial court erred by denying its request for attorney's fees under the TMLA.

### A. Standard of Review

The dispositive issue in this appeal is whether Randle's counterclaim qualifies as a "health care liability claim" under the TMLA. Because this case requires us to interpret statutory language to determine whether the act extends to Randle's counterclaim, our review is de novo. *Loaisiga v. Cerda*, 379 S.W.3d 248, 254-55 (Tex. 2012); *Mem'l Hermann Hosp. Sys. v. Kerrigan*, 383 S.W.3d 611, 612, 613 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

### B. Chapter 74 Health Care Liability Claims

The TMLA requires a claimant asserting a health care liability claim to serve on the defendant within a specified time an expert report and curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. Tex. Civ. Prac. & Rem. Code § 74.351(a). A claimant's failure to timely serve an expert report required by the TMLA requires the trial court to dismiss the claim and award reasonable attorney's fees and costs to the affected physician or health care provider. *Id.* § 74.351(b).

The act's requirements will not apply unless the claim at issue is a "health care liability claim." "Health care liability claim" means a cause of action against a health care provider or physician for treatment, lack of treatment, or other

4

claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract. *Id.* § 74.001(a)(13).

Randle contends that his counterclaim is not a health care liability claim for several reasons. On appeal, the Clinic first insists that Randle is barred from denying that his counterclaim is a health care liability claim because the trial court necessarily ruled otherwise in granting the Clinic's motion to dismiss the counterclaim, and Randle did not file his own notice of appeal challenging that ruling.

The Clinic is incorrect. A party must file a notice of appeal if it seeks to alter the trial court's judgment or other appealable order. *See* Tex. R. App. P. 25.1(c) ("[A] party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal. . . . The appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause."). But when an appellee is satisfied with the relief granted by the trial court and merely wants to present additional, independent grounds for affirming the trial court's judgment, no notice of appeal is required. *See City of Austin v. Wittington*, 384 S.W.3d 766, 789 (Tex. 2012); *United Residential Properties, L.P. v. Theis*, 378 S.W.3d 552, 557 n.3 (Tex. App.—Houston [14th Dist.] 2012, no pet); *Dean v. Lafayette Place (Section One) Council of Co-Owners, Inc.*, 999 S.W.2d 814, 818 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Independent grounds for affirmance can be asserted on appeal as long as the appellee is not requesting greater relief than that awarded by the trial court. *See Dean*, 999 S.W.2d at 818.

5

Randle is not seeking to alter the court's judgment nor is he seeking any additional relief than that granted by the judgment. Randle asks us to affirm the judgment. Therefore, Randle was not required to file a notice of appeal. *United Residential Properties, L.P.*, 378 S.W.3d at 557 n.3. Because the Clinic is appealing the portion of the trial court's judgment denying its request for attorney's fees, Randle may argue any independent ground for affirming the trial court's ruling that was preserved in the record, including that Randle's counterclaim is not a health care liability claim. *See Dean*, 999 S.W.2d at 818.

Accordingly, we proceed to consider whether Randle's negligence counterclaim qualified as a health care liability claim under the TMLA.[3] This requires us to consider the underlying nature of Randle's counterclaim against the Clinic. *See Yamada v. Friend*, 335 S.W.3d 192, 196 (Tex. 2010) (to determine whether a cause of action falls under the statute's definition of a health care liability claim, we examine the claim's underlying nature). In Randle's live pleading, he alleged:

> Counter-Plaintiffs also contend that Plaintiff/Counter-Defendant was negligent for failing to exercise reasonable diligence to notify either Randle, Cuba or any of the insurance carriers responsible for Plaintiffs unpaid bill for services rendered sooner than 5 years after the service was rendered to Cuba, in 2012, and sooner than 3 years after Cuba's case had settled and proceeds distributed.

Randle clearly did not assert a claim against the Clinic for treatment, lack of treatment, or any departure from accepted standards of medical care or health care. The factual essence of Randle's counterclaim was that the Clinic waited too long to submit its demand for payment or otherwise notify Randle that its bill for services

---

[3] It is undisputed that the Clinic is a health care provider. "Health care provider" means any person, partnership, professional association, corporation, facility, or institution duly licensed, certified, registered, or chartered by the State of Texas to provide health care. Tex. Civ. Prac. & Rem. Code § 74.001(a)(12)(A).

was unpaid. Randle asserted that he was not notified that the Clinic had not been paid for services provided to Cuba until more than three years after the settlement proceeds had been distributed.

The Clinic contends that Randle's counterclaim falls within the latter portion of the definition of health care liability claim because "hospital billing for healthcare services rendered is a 'professional or administrative service directly related to health care.'"

Again, the Clinic is incorrect. "Professional or administrative services" means "those duties or services that a physician or health care provider is required to provide *as a condition of maintaining the physician's or health care provider's license, accreditation status, or certification to participate in state or federal health care programs*." Tex. Civ. Prac. & Rem. Code § 74.001(a)(24) (emphasis added). The Clinic does not assert, much less establish, that it is required to provide its billing services as a condition of maintaining any license, accreditation status, or state or federal certification. The Clinic relies on *McAllen Hospitals, L.P. v. Gomez*, No. 13-12-00421-CV, 2013 WL 784688, at *3-4 (Tex. App.— Corpus Christi Feb. 28, 2013, no pet.) (mem. op.), in which the court held that a patient's complaint that he was "overcharged for services rendered" constituted a health care liability claim. The court stated that "hospital billing appears to fit within the definition of 'professional or administrative services.'" *Id.* at *3. *Gomez* is distinguishable, however, because the court in that case noted that a hospital is statutorily required to prepare and provide, on request, an "itemized statement of the billed services provided to the person." *Id.* (citing Tex. Health & Safety Code § 311.002(b)). Unlike the health care provider in *Gomez*, the Clinic is not a hospital, and it identifies no similar requirement it must follow.

7

Even if we were to assume that the Clinic's billing practices are professional or administrative services, the Clinic has not shown that the billing practice at issue was "directly related to health care." In *Gomez*, for instance, the court held that, because Gomez alleged that he was billed an unreasonable amount "for the healthcare services rendered," the complained-of conduct was directly related to health care. *See id.* In this case, Randle is not complaining that the Clinic charged too much for the health care services rendered to Cuba or that the Clinic billed for a service not performed. *See id.*; *Milton v. Nguyen*, No. 14-16-00883-CV, 2017 WL 4017872, at *3 (Tex. App.—Houston [14th Dist.] Sept. 12, 2017, no pet.) (mem. op.) (allegations that a health care provider did not perform all services billed constituted a health care liability claim). Rather, the complained-of conduct is that the Clinic waited too long to collect on a bill, which is not directly related to any provision of health care to Cuba.

The Clinic also relies on cases holding that the maintenance of accurate medical records falls within the definition of professional and administrative services directly related to health care. *See Baylor Scott & White, Hillcrest Med. Ctr. v. Weems*, 575 S.W.3d 357, 364 (Tex. 2019); *Rittinger v. Davis Clinic*, No. 14-19-00472-CV, 2021 WL 2425834, at *5 (Tex. App.—Houston [14th Dist.] June 15, 2021, no pet.) (mem. op.) ("The duty to provide medical records to the patients cannot be separated from the duty to maintain them."). But a health care provider's demand for payment is not a "medical record," as discussed in those cases. A medical record must be created during the patient's care and "must contain accurate data and information pertaining to the patient based on actual findings, assessments, evaluations, diagnostics or assessments as documented by the physician." 22 Tex. Admin. Code § 165.1(a), (a)(10) ("Medical Records"). Thus, *Weems* and *Rittinger* are inapposite.

We hold that Randle's counterclaim is not a health care liability claim, as that term is defined in the TMLA. *See* Tex. Civ. Prac. & Rem. Code § 74.001(a)(13). Because the claim is not subject to the act's requirements, the trial court did not abuse its discretion in denying the Clinic's request for its attorney's fees. *Id.* § 74.351(b).

## Conclusion

We affirm the trial court's judgment.

/s/     Kevin Jewell
        Justice

Panel consists of Justices Wise, Jewell, and Spain.