**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2009

No. 09-20049

DEALER COMPUTER SERVICES INC, doing business as Universal
Computer Services Inc, doing business as Universal Computer Network Inc,
doing business as Universal Computer Consulting Ltd,

Plaintiff-Appellee

v.

OLD COLONY MOTORS INC,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before GARWOOD, OWEN, and SOUTHWICK, Circuit Judges.

GARWOOD, Circuit Judge:

Dealer Computer Services, Inc., (Dealer Services) sued under 9 U.S.C.
§ 4 to compel Old Colony Motors, Inc., to pay a deposit in the underlying
arbitration.  In that arbitration, Old Colony informed the arbitrators that it
could not afford to pay its share of the required deposit before the final
arbitration.  The arbitrators asked Dealer Services to pay the full deposit.
Dealer Services refused and brought this suit to compel the arbitration.  The
trial court ordered Old Colony to pay its share of the deposit.   Old Colony
now appeals on four separate grounds.  Because we reverse the trial court on

Old Colony's second ground for appeal, we need not address the other grounds Old Colony raises.

## FACTS AND PROCEEDINGS BELOW

Dealer Services sells computer systems to automobile dealerships worldwide. The dealerships use the computer systems to manage all of their day-to-day operations. Dealer Services also maintains and supports all of its computer systems for the dealerships. In 2001, Old Colony contracted with Dealer Services for the purchase and maintenance of a computer system for Old Colony's dealership. The contracts contain language requiring Old Colony to implement software upgrades released by Dealer Services. It also provides that Old Colony will pay the costs of any hardware upgrades required to run the new software. In August 2006, Dealer Services told Old Colony that the contracts required Old Colony to purchase upgrades for its hardware and software and that Dealer Services would no longer support Old Colony's existing computer system without the referenced upgrades. Old Colony refused to pay, citing costs.

On April 11th, 2007, Dealer Services filed this arbitration demand against Old Colony for almost $500,000, plus attorneys fees and costs, arising out of Old Colony's failure to upgrade its software and hardware. The parties agreed in their contracts that the American Arbitration Association (AAA) would conduct the arbitration and that its rules would apply to the parties' dispute. The parties also agreed that the Commercial Arbitration Rules of the AAA would apply to their dispute. Between April and October 2007,Dealer Services and Old Colony attempted to empanel a tribunal. Dealer Services filed its statement of claims alleging Old Colony failed to pay Dealer Services, failed to purchase the mandatory upgrades, and sold its dealership after going out of business. Old Colony

2

answered with affirmative defenses, and also sought affirmative relief from the arbitration panel.

In August 2008, the AAA sent a notice to Old Colony to deposit $26,900 for the final arbitration hearing. Dealer Services represents, and Old Colony does not deny, that Dealer Services has paid its share of AAA required deposits. Dealer Services also represents that it has paid the fees necessary to proceed on its own claims and the additional fees are only necessary to proceed on both Dealer Services claims and Old Colony's counter claims in the arbitration. Old Colony notified the AAA and Dealer Services that it had no funds or assets to pay its proportional share of the deposits for arbitrator's fees and expenses. The arbitrators asked Dealer Services to pay the full deposit, but Dealer Services refused. Thereafter, in late November 2008 under Rules 52 and 54 of the AAA Commercial Arbitration Rules, the panel then imposed the following orders:

> "a. The hearings scheduled for the week beginning December 15 [2008]are indefinitely postponed;
>
> b. All further proceedings on the part of the tribunal are indefinitely suspended;
>
> c. All deadlines in the Scheduling Order dated January 17 with respect to further submissions on the part of the parties are indefinitely suspended."

In response, Dealer Services brought this suit under 9 U.S.C. § 4 against Old Colony to compel Old Colony to pay its share of the deposit. The district court entered an order compelling Old Colony to pay. Old Colony timely appealed.

## DISCUSSION

The court reviews a grant of a motion to compel arbitration *de novo*, applying the same standard as the district court. *Am. Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 708 (5th Cir. 2002). Courts perform a two step inquiry

3

to determine whether to compel a party to arbitrate: first whether parties agreed to arbitrate and, second, whether federal statute or policy renders the claims nonarbitrable. *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003). The courts divide the first step into two more questions: whether a valid agreement to arbitrate exists and whether the dispute falls within that agreement. *Id.* Beyond this analysis, the courts generally do not delve further into the substance of the parties' disputes. *Id.*

Here, the parties do not dispute the existence of an agreement to arbitrate. The only question is whether the instant dispute falls within the agreement to arbitrate. In determining whether a dispute falls within the agreement to arbitrate, the Supreme Court has decided that, absent an agreement to the contrary, the parties intend that the arbitrator, not the courts, should decide certain procedural questions which grow out of the dispute and bear on its final disposition. *Howsam v. Dean Witter Reynolds, Inc.*, 123 S. Ct. 588, 592 (2002) (quoting *John Wiley & Sons, Inc. v. Livingston*, 85 S. Ct. 909, 918 (1964)).

Payment of fees is a procedural condition precedent that the trial court should not review. *See id.* at 592; In *Howsam*, the Court decided that application of a National Association of Securities Dealers rule, that a dispute was "not eligible for submission to arbitration" thereunder if the event giving rise to the dispute occurred more than six years previously, was a procedural matter for the arbitrators, not a gateway dispute about whether the parties are bound by an arbitration clause that the trial court has power to determine. *Id.* at 592. The Court relied on the comments to Revised Uniform Arbitration Act in noting that the arbitrators should decide whether parties met the conditions precedent to the obligation to arbitrate. *Id.* At least one

4

other federal circuit court has, citing *Howsam*, decided conditions precedent to arbitration are for the arbitrator to decide. *JPD, Inc. v. Chronimed Holdings, Inc.*, 539 F.3d 388, 392 (6th Cir. 2008). Likewise, payment of fees seems to be a procedural condition precedent set by the AAA. *See* AAA Rule 52, *available at* http://adr.org/sp.asp?id=22440#R52. The arbitrators are within their discretion to ask one or the other party to pay the entire fee, and tax the fee as part of the award, or, alternatively, suspend the arbitration. AAA Rule 54, *available at* http://adr.org/sp.asp?id=22440#R52.

A Ninth Circuit case, *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, both exemplifies and supports this conclusion. 363 F.3d 1010 (9th Cir. 2004). In *Lifescan*, Premier Diabetic Services contracted with Lifescan for glucose monitoring strips. *Id.* at 1011. After a dispute over the contract, parties submitted the dispute to arbitration under the AAA. *Id.* A few days before the final hearings, Premier announced that it would be unable to pay its pro-rata share of the arbitrators' fees. *Id.* The arbitrators gave Lifescan the option of advancing the fees so the hearing could proceed,[1] but Lifescan refused. *Id.* Consequently, the AAA suspended the proceedings. *Id.* Lifescan sued in district court and the district court granted Lifescans' motion to compel Premier to pay its share of the fees. *Id.*

In *Lifescan*, parties incorporated into their agreement the AAA Commercial Arbitration Rules, which recognize the arbitrators' discretion to interpret the scope of their authority. *Id.* at 1012. Lifescan argued that Premier failed to arbitrate when it failed to deposit its share of the arbitrator's fees. *Id.* The Ninth Circuit noted, however, that arbitrators

---

[1]The fees would be added or subtracted from the final award, depending upon who the prevailing party was. *Lifescan*, 363 F.3d at 1011.

5

simply have the discretion to require deposit of those fees. *Id.* They changed their order when Premier informed them that it could not pay and exercised their discretion to proceed on the condition that Lifescan advance the full fees. *Id.* at 1012–13. The court concluded that Premier did not fail, neglect, or refuse to arbitrate because the arbitrators had full discretion and flexibility to change allocation of fees, or suspend arbitration, as a solution to an otherwise bad situation. *Id.*

The AAA Rules allow the arbitrators discretion to order either party to pay the fees upon the failure of payment in full. AAA Rule 52, *available at* http://adr.org/sp.asp?id=22440#R52 ("The AAA may require the parties to deposit in advance of any hearings . . ."); AAA Rule 54, *available at* http://adr.org/sp.asp?id=22440#R52 ("If arbitrator compensation or administrative charges have not been paid in full, the AAA may so inform the parties in order that one of them may advance the required payment. If such payments are not made, the arbitrator may order the suspension or termination of the proceedings."). While acknowledging the near identical factual scenario, Dealer Services attempts to differentiate *Lifescan* by arguing that unlike Premier, who only defended claims by Lifescan, Old Colony asserts affirmative claims for relief and wants to prosecute those claims on Dealer Services' dime. At the end of the arbitration, if Old Colony prevails, the arbitrators may subtract from the award the costs Old Colony owes; if Dealer Services prevails, the arbitrators may add those costs to the final award.[2] *See* AAA Rule 43, *available at* http://adr.org/sp.asp?id=22440#R43

---

[2]The arbitration panel's failure to so adjust the award could likely be subject to challenge in a suit to enforce, modify or set aside an award, although we express no opinion on whether (or to what extent or in what circumstances) the court in such a proceeding would be bound by the arbitration panel's ruling.

(allowing the assessment of fees, expenses, and arbitrator compensation in the final award). Dealer Services agreed to be bound by the AAA Rules. Old Colony has stated multiple times in briefs and oral argument that it is willing to go forward with the arbitration. Dealer Services' remedy lies with the arbitrators. As the court in *Lifescan* pointed out, the solution may not be totally satisfactory, but it preserves the flexibility and discretion in the hands of the arbitrators, a policy end the FAA favors. *Lifescan*, 363 F.3d at 1013.[3]

## CONCLUSION

The trial court erred when it granted the order to compel Old Colony to pay the AAA deposit. Such conditions precedent to arbitration are procedural issues left to the discretion of the arbitrators. We reverse the judgment of the trial court and remand this case to dismiss Dealer Services motion to compel.

REVERSED

---

[3]Old Colony claims that it refused to put up its part of the arbitral fee because it is and was financially unable to do so. Dealer Services disputes this but, though the burden of proof rests on it, has introduced no evidence to the contrary, nor has the district judge made any express finding on that matter. The contract to arbitrate makes no provision respecting arbitral costs, other than that if one party's "failure to cooperate" causes the arbitral hearing not be scheduled within 60 days except as "necessary for legitimate and material reasons," that party shall reimburse the other for "any additional costs due to such delay (including but not limited to arbitration expenses and reasonable attorney's fees)." A difficult situation might be presented if Old Colony *could* afford to put up its part of the arbitral fee attributable to its counterclaim, *and* Dealer Services was *not* financially able to put up the entire thus enhanced fee (although being able to put up what the fee would have been without such enhancement), *and* the arbitral panel refused Dealer Service's request to proceed on its claims without hearing Old Colony's counterclaims. However, we are not faced with any such case. Among other things, Dealer Services has never asserted that it is or was unable to put up the entire AAA deposit, including the $26,900 thereof allocable to Old Colony.

7