Yvonne CARDWELL, Petitioner,

v.

WHATABURGER RESTAURANTS LLC, Respondent

NO. 14–1019

Supreme Court of Texas.

Opinion delivered: February 26, 2016

---

James D. Tawney, Jeffrey B. Pownell, Scherr & Legate PLLC, El Paso, TX, for Yvonne Cardwell.

Christin J. Jones, Craig Alan McDougal, Samuel Wesley Butler, W. Alan Wright, Kilpatrick, Townsend & Stockton LLP, Dallas, TX, for Whataburger Restaurants LLC.

## PER CURIAM

Petitioner Yvonne Cardwell sued her employer, respondent Whataburger Restaurants LLC, a nonsubscriber, to recover damages for an on-the-job injury. Whataburger moved to compel arbitration based on its Employee Handbook. Cardwell resisted, raising several defenses. Among other things, Cardwell argued that the arbitration agreement is unconscionable on several theories, and illusory.

The trial court denied the motion. In findings of fact and conclusions of law, the trial court based its ruling on only some of Cardwell's unconscionability arguments and on its own research and views about arbitration.[1] The court did not discuss all of Cardwell's unconscionability arguments, nor her argument that the arbitration agreement is illusory.

On interlocutory appeal, Whataburger argued that the trial court's refusal to compel arbitration on the grounds stated was an abuse of discretion. *See* Tex. Civ. Prac. & Rem. Code § 171.098(a)(1) (authorizing appeal of an order denying an application to compel arbitration). Cardwell defended the trial court's ruling and argued further that the other grounds she had raised in the trial court required denying arbitration. Whataburger responded to all of Cardwell's arguments. The court of appeals in its opinion set out all of the parties' arguments at length but addressed only the grounds the trial court gave for its ruling. 446 S.W.3d 897 (Tex.App.–El Paso 2014). The court concluded that the trial court had abused its discretion and remanded the case with instructions to the

---

1. For example, the trial court concluded: "This Court is bound by precedent and can only suggest that Congress, Legislatures, and Appellate Courts reconsider depriving dishwashers of their constitutional right to a jury trial because of the demonstrably dishonest argument that arbitration is more efficient and less expensive.... It is hard for this Court to think of anything more repulsive than perpetuating a system that lets large corporations lavishly buy their way out of judicial accountability and into a system more favorable to their side."

trial court to order arbitration. *Id.* at 913. The court did not address any other arguments that Cardwell raised to oppose arbitration, explaining without authority that "as the trial court did not base its determination of unconscionability on those grounds, we need not consider them." *Id.* The court of appeals observed in a footnote that Cardwell had not cross-appealed from the trial court's findings and conclusions or complained of the omission of findings and conclusions.

Cardwell does not complain that the court of appeals rejected the trial court's express grounds in its ruling, but argues that she has raised other grounds to deny arbitration that the court of appeals did not address. She could argue these grounds on Whataburger's appeal without perfecting her own appeal. *See City of Austin v. Whittington,* 384 S.W.3d 766, 789 (Tex.2012); *see also* TEX. R. APP. P. 25.1(c). As noted by the court of appeals, Cardwell's various arguments were briefed by both parties. The court of appeals "must hand down a written opinion that ... addresses every issue raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1. The court of appeals could not order arbitration without either addressing Cardwell's arguments or remanding the case to the trial court to address them. *See Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 626 (Tex.1996).

Accordingly, we grant Cardwell's petition for review[2] and without hearing oral argument, TEX. R. APP. P. 59.1, reverse the judgment of the court of appeals and re-

mand the case to that court for further proceedings.

---

**2.** We have jurisdiction over appeals of interlocutory orders denying arbitration when the court of appeals' decision conflicts with prior precedent. TEX. GOV'T CODE § 22.225(b)(3); *Venture Cotton Coop. v. Freeman,* 435 S.W.3d 222, 224 n. 1 (Tex.2014). This decision conflicts with our established jurisprudence regarding the courts of appeals' responsibility to either address alternative grounds or remand for the trial court to do so. *See, e.g., Little v. Tex. Dep't of Criminal Justice,* 148 S.W.3d 374, 384 (Tex.2004); *Cates,* 927 S.W.2d at 626.