**Reverse and Remand; Opinion Filed October 28, 2020**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00149-CV

**CONN APPLIANCES, INC., Appellant**
**V.**
**KENNY JONES, Appellee**

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-19-01490-A**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Schenck

Kenny Jones initiated an arbitration with Conn Appliances, Inc. ("Conn") over a dispute concerning his purchase of various appliances. Thereafter, Jones filed a petition in the county court at law asserting he had no obligation to proceed with the arbitration because Conn defaulted on its obligation to pay the arbitration fees. Conn opposed Jones's attempt to circumvent the arbitration process and sought to dismiss the county court action and to compel arbitration.[1] The trial court denied Conn's motion and entered a temporary restraining order prohibiting Conn from

---

[1] Conn also moved for sanctions. Here, Conn expressly states sanctions are not at issue.

reporting Jones's credit status and payment history. Thereafter, Conn agreed to a temporary injunction pending the outcome of the dispute and filed this interlocutory appeal, urging that this Court reverse the trial court's order denying its motion to compel arbitration.

In three issues, Conn urges (1) the trial court is precluded from interfering with the governing arbitral forum's procedural determinations regarding the payment of fees, (2) the parties delegated exclusive authority to resolve questions regarding the fees and the propriety of arbitration to the American Arbitration Association (AAA), the governing arbitral forum, and (3) the trial court erred by impliedly finding Conn is precluded from compelling arbitration due to waiver or default. We reverse the trial court's order denying Conn's motion to compel arbitration. Because all issues are settled in the law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Jones entered into three retail finance agreements with Conn to purchase a refrigerator, freezer, and washer/dryer set. Each of the retail finance agreements Jones signed included identical arbitration clauses providing, in relevant part:

> A "Claim" is any claim, dispute or controversy that arises from or relates to this Note, the Property purchased or financed with the proceeds from this Note, this Note, this Clause or any other documents I [being Jones] sign or give you [being Conn]. A claim includes but is not limited to: Claims about the enforcement or interpretation of any other part of this Note; Claims alleging fraud or misrepresentation; and any other Claims under common law, equity, or concerning federal,

–2–

state, or local law or regulation. You [being Conn] or I [being Jones] may elect to resolve any Claim exclusively by binding individual arbitration. One arbitrator will hear the Claim. The arbitrator must be an attorney, retired judge, or arbitrator experienced in consumer finance and debt collection. The arbitrator will conduct the arbitration per the American Arbitration Association ("AAA") rules. I may choose another arbitration association and its rules, if you consent. The arbitrator must apply this Clause and the rules of the selected arbitration association.

. . .

The Federal Arbitration Act governs this Clause.

On October 31, 2018, Jones initiated an arbitration with the AAA against Conn claiming that, in entering into the second and third retail finance agreements, the parties agreed to refinance all of the preceding purchases so that there would be a single financing agreement and that, contrary to their agreement, Conn did not cancel and consolidate the preceding debt obligations. Jones protests the legitimacy of the first two agreements and claims he was harmed by Conn's adverse credit reporting.

On March 6, 2019, Jones filed suit against Conn in the county court at law. Conn filed a Motion to Dismiss and Compel Arbitration and for Sanctions, asserting that the fees have in fact been paid, an arbitrator had been appointed, the arbitration was proceeding, and that a hearing date has been set. Jones responded claiming he is entitled to proceed in the trial court because Conn's failure to promptly pay AAA caused an administrative delay from October 31, 2018, the date he initiated the

arbitration, until March 14, 2019, the date the arbitrator was appointed.[2]  On January 16, 2020, the trial court entered an order denying Conn's motion.[3]  This interlocutory appeal followed.

**DISCUSSION**

## I.     Standard of Review

We review a denial of a motion to compel arbitration for an abuse of discretion, reviewing questions of law de novo and factual determinations under a no-evidence standard of review. *Sidley Austin Brown & Wood, L.L.P. v. J.A. Green Dev. Corp.*, 327 S.W.3d 859, 863 (Tex. App.—Dallas 2010, no pet.). Because the trial court did not enter findings of fact or conclusions of law to explain its denial of the motion to compel, we must uphold the trial court's decision on any appropriate legal theory urged below. *Bonded Builders Home Warranty Assn. of Tex. v. Rockoff*, 509 S.W.3d 523, 531–32 (Tex. App.—El Paso 2016, no pet.). Yet as a corollary, we are limited to considering the grounds presented to the trial court by the party resisting arbitration. *Cardwell v. Whataburger Rests., L.L.C.*, 484 S.W.3d 426, 428 (Tex. 2016); *Ridge Nat. Res. LLC v. Double Eagle Royalty, L.P.*, 564 S.W.3d 105, 118 (Tex. App.—El Paso 2018, no pet).

---

[2] Jones concedes Conn paid the fees on March 5, 2019, the day before Jones initiated the county court at law action, and has paid subsequent fees assessed by the AAA.

[3] The trial court did not enter findings of fact or conclusion of law in connection with its ruling.

–4–

The party attempting to compel arbitration must establish (1) an arbitration agreement exists and (2) the dispute falls within the scope of the agreement. *In re D. Wilson Const. Co.*, 196 S.W.3d 774, 781 (Tex. 2006) (orig. proceeding). In this case, it is undisputed that an arbitration agreement exists and the dispute falls within the scope of the agreement. Thus, the burden was on Jones to establish an affirmative defense to arbitration. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 754 (Tex. 2001) (orig. proceeding). As justification for his attempt to abandon the arbitration, Jones posits that Conn waived its right to arbitrate by failing to timely pay the fees imposed by the AAA and, as a result, Conn defaulted on the agreement to arbitrate. Because Jones's defensive legal theories all hinge on the delay in payment of arbitration fees, the trial court impliedly based its ruling on Conn's motion to compel arbitration on the payment issue. As a threshold matter, we must determine whether the trial court had the authority to insert itself into a controversy over the payment of arbitration fees while the arbitration remained before the arbiter authority.

## II. Authority to Resolve Questions Concerning Fee Payment

In its first two issues, Conn asserts the trial court over stepped its authority, and thus abused its discretion, in refusing to compel arbitration because it is the AAA, not the court, that makes procedural determinations regarding the administration of fee payments, and the parties expressly delegated to the AAA the

exclusive authority to resolve questions concerning the fees and the propriety of arbitration. We agree.

Absent an agreement to the contrary, the parties intend that the arbitrator, not the courts, should decide certain procedural questions, such as payment of fees, which grow out of the dispute and bear on its final disposition. *Dealer Comput. Servs. v. Old Colony Motors, Inc.*, 588 F.3d 884, 887 (5th Cir. 2009). Here, there is no contrary agreement. Consequently, payment of fees is a procedural condition precedent that the trial court should not review or consider in connection with Conn's motion to compel arbitration. *See id.*

In addition, Jones and Conn expressly incorporated into their arbitration agreement the AAA Rules. The AAA's Consumer Arbitration Rules specifically provide the following regarding fee disputes:

> (a)     If arbitrator compensation or administrative charges have ***not been paid in full, the AAA may inform the parties*** so that one of them may forward the required payment.
>
> (b)     Once the AAA informs the parties that payments have not been received, a party may request an order ***from the arbitrator*** directing what measures might be taken in light of a party's ***nonpayment***.
>
> . . . . The ***arbitrator*** must provide the party opposing a request for relief with the opportunity to respond ***prior to making any determination***. In the event that the arbitrator grants any request for relief that limits any party's participation in the arbitration, the arbitrator will require the party who is making a claim and who has made appropriate payments to submit the evidence required to make an award.
>
> (c)     Upon receipt of information from the AAA that full payments have not been received, ***the arbitrator***, on the ***arbitrator's*** own

–6–

initiative, may order the suspension of the arbitration. If no arbitrator has yet been appointed, the *AAA* may suspend the proceedings.

(d)     If arbitrator compensation or AAA administrative fees remain unpaid *after* a determination to suspend an arbitration due to nonpayment, the *arbitrator* has the authority to terminate the proceedings. ***Such an order shall be in writing and signed by the arbitrator . . . .***

(emphasis added). Thus, the parties delegated to the arbitrator the authority to resolve disputes regarding the payment of fees. Here, the arbitrator resolved any issue concerning the payment of fees in favor of proceeding with the arbitration. The trial court had no authority to usurp the AAA's procedural authority to resolve a fee dispute and to determine its effect on the enforceability of the arbitration agreement. We sustain Conn's first and second issues.

## III.   Waiver or Default

Jones claims the trial court properly denied Conn's motion to compel arbitration under defensive theories of waiver and default. Conn disagrees.

The waiver of a contractual arbitration right occurs when the party seeking to compel arbitration has substantially invoked the judicial process to the detriment of the other party. *Perry Homes v. Cull*, 258 S.W.3d 580, 589–90 (Tex. 2008). Waiver of contractual arbitration rights is a question of law that this Court reviews *de novo*. *Id.* at 598; *see also Small v. Specialty Contractors, Inc.*, 310 S.W.3d 639, 644 (Tex. App.—Dallas 2010, no pet.). Because public policy favors resolving disputes through arbitration, the law imposes a strong presumption against the waiver of

–7–

contractual arbitration rights. *See In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex. 1998) (orig. proceeding). When presented with questions of waiver, we are required to resolve any doubts in favor of arbitration. *Id.* The standard for determining waiver is the same under federal and state law. *See Holmes, Woods & Diggs v. Gentry*, 333 S.W.3d 650, 654 (Tex. App.—Dallas 2009, no pet.).

As the party claiming waiver, Jones had the heavy burden of establishing Conn substantially invoked the judicial process. *See Bruce Terminix*, 988 S.W.2d at 704; *Adams v. StaxxRing, Inc.*, 344 S.W.3d 641, 648 (Tex. App.—Dallas 2011, pet. denied). The judicial process is substantially invoked when the party seeking arbitration has taken specific and deliberate actions, after the filing of the suit, that are inconsistent with the right to arbitrate or has actively tried, but failed, to achieve a satisfactory result through litigation before turning to arbitration. *In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 763. (Tex. 2006).

Here, the record is clear, Conn did not invoke the judicial process at all; rather, Jones did.[4] Thus, Jones cannot establish a waiver of the right to arbitrate in the traditional sense. To the extent Jones urges Conn waived its right to arbitrate and defaulted on its agreement by delaying payment of the arbitration fees, courts have found default only *after* the arbitrating authority terminated arbitration for non-payment of fees or entered a default due to non-payment. *See Sink v. Aden Enters.,*

---

[4] Because Jones failed to establish Conn invoked the judicial process, we need not determine whether he established the conjunctive criteria of waiver and prejudice. TEX. R. APP. P. 47.1.

*Inc.*, 352 F.3d 1197, 1199–20 (9th Cir. 2003) (affirming denial of motion to compel arbitration on ground of default after arbitrator cancelled arbitration due to nonpayment of fees and entered default); *Garcia v. Mason Contract Prods., LLC*, No. 08-23103-CIV, 2010 WL 3259922, at *4 (S.D. Fla. Aug. 18, 2010) (district court denied motion to compel arbitration after arbitrator entered default upon non-payment of arbitration fee and AAA refused to reopen the case after payment); *Stowell v. Toll Brothers*, No. 06-cv-2103, 2007 WL 30316, at *1 (E.D. Penn. Jan. 4, 2007) (default finding after AAA declined to administer the case due to nonpayment of filing fee).

Here, Jones has failed to establish that the AAA terminated the arbitration proceedings due to a non-payment of fees and in fact acknowledges that at present the arbitration case is not in danger of being suspended or close. Accordingly, he failed to meet his burden of establishing a legal theory to support a basis to revoke Conn's right to arbitration and the trial court abused its discretion in denying Conn's motion to compel arbitration. We sustain Conn's third issue.

## CONCLUSION

We reverse the order denying Conn's motion to compel arbitration. We remand the case to the trial court for entry of an order compelling arbitration and staying further proceedings pending completion of the pending arbitration.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

200149F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CONN APPLIANCES, INC.,
Appellant

No. 05-20-00149-CV     V.

KENNY JONES, Appellee

On Appeal from the County Court at Law No. 1, Dallas County, Texas
Trial Court Cause No. CC-19-01490-A.
Opinion delivered by Justice Schenck. Justices Osborne and Partida-Kipness participating.

In accordance with this Court's opinion of this date, the January 16, 2020 Order of the trial court denying appellant's motion to compel arbitration is **REVERSED** and this cause is **REMANDED** to the trial court for entry of an order compelling arbitration and staying further proceedings pending completion of the pending arbitration.

It is **ORDERED** that appellant CONN APPLIANCES, INC. recover its costs of this appeal from appellee KENNY JONES.

Judgment entered this 28th day of October, 2020.