

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00279-CV

**MELISSA BENNER,**
**AS ADMINISTRATOR**
**OF THE ESTATE OF**
**RUTH MARIE WARREN,**

                                                            **Appellant**
 **v.**

**KRYSTAL S. ARMSTRONG AND**
**JEFFERY LEE ARMSTRONG,**

                                                            **Appellee**

**From the 414th District Court**
**McLennan County, Texas**
**Trial Court No. 2012-3621-5**

## CONCURRING OPINION

Does asking for the corner brownie out of an entire pan of brownies require a notice of appeal? The trial court's judgment awarded the appellees the entire pan of brownies. The Court's opinion concludes the appellees are not entitled to the entire pan of brownies. The appellees argue by cross-point that if they are not entitled to the entire pan of brownies, they are nevertheless entitled to the corner brownie. The Court holds

that to award only the corner brownie to which the appellees claim to be entitled would require an alteration of the trial court's judgement and therefore the appellees had to file their own notice of appeal to preserve the issue for review. And, the argument continues, because they did not file a notice of appeal, we do not have jurisdiction to consider their claim to the corner brownie. I respectfully disagree.

This case is obviously not about brownies. It is about dirt. But the pan-of-brownies analogy is easier to wrap my head around. This case presents an interesting procedural issue that must be addressed before appellees' cross-point is summarily dismissed for failure to preserve the issue for appellate review by failing to file a notice of appeal. To hold that this Court does not have jurisdiction of appellees' cross-point, the Court focuses on one sentence from Texas Rule of Appellate Procedure 25.1(c). "A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal." TEX. R. APP. P. 25.1(c). But there are more sentences in the rule that must be considered. Specifically, the rule also provides that "[t]he appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause." *Id.*

The Houston First Court of Appeals addressed the issue in 1999, noting the limited decisions interpreting the rule. The Houston Court stated:

> We agree with the reasoning of the Austin court. [*First Gen. Realty Corp. v. Maryland Cas. Co.*, 981 S.W.2d 495, 503 (Tex. App.—Austin 1998, pet. ref'd]. If an appellee is satisfied with the relief granted by the trial court, but merely wants to present additional, independent grounds for affirming the trial court's judgment, no notice of appeal is required. The independent grounds for affirmance can be raised in a cross-point as long as the appellee is not requesting greater relief than that awarded by the trial court.

*Dean v. Lafayette Place (Section One) Council of Co-Owners, Inc.*, 999 S.W.2d 814, 818 (Tex.

App.--Hous. [1 Dist.] 1999, no pet.) (citation added).

Thirteen years later, the Supreme Court of Texas agreed with this statement of the

Houston Court, stating:

> The Whittingtons argue that a litigant is only attacking a judgment (and must only file a notice of appeal) if it seeks greater relief than awarded in the judgment. *See Tex. Disposal Sys. Landfill, Inc. v. Waste Mgmt. Holdings, Inc.*, 219 S.W.3d 563, 574 n.11 (Tex. App.—Austin 2007, pet. denied) (allowing cross-point that did not seek greater relief); *Dean v. Lafayette Place (Section One) Council of Co-Owners, Inc.*, 999 S.W.2d 814, 818 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ("The independent grounds for affirmance can be raised in a cross-point as long as the appellee is not requesting greater relief than that awarded by the trial court."). We agree. Here, the Whittingtons do not seek greater relief than the judgment provided. They only seek the same relief the judgment provided in the event that we rule for the City on its points of error. Accordingly, we address the Whittingtons' points of error.

*City of Austin v. Whittington*, 384 S.W.3d 766, 789 (Tex. 2012).

Moreover, four years later, in 2016, the Supreme Court of Texas held that a Court

of Appeals erred in failing to address issues briefed by both parties for which a notice of

appeal was not required. *See Cardwell v. Whataburger Restaurants LLC*, 484 S.W.3d 426

(Tex. 2016). After noting that Cardwell had not filed a notice of appeal but had argued

alternate grounds in the Court of Appeals for why the trial court's judgment was correct,

the Supreme Court stated, "As noted by the court of appeals, Cardwell's various

arguments were briefed by both parties.… The court of appeals could not order

arbitration without either addressing Cardwell's arguments or remanding the case to the

trial court to address them." *Id*. at 428.

As applied to my analogy, is the award of only the corner brownie rather than the entire pan of brownies, without the appellee having filed a notice of appeal, allowed by the rule? The rule, and cases interpreting it, hold that if the appellee is asking for the brownie and something else, like a glass of milk, a separate notice of appeal is required. But is the inverse also true? If the appellee is not asking for the whole brownie under an alternate theory, but is asking for only the corner piece, does the appellee have to still file a notice of appeal?

As applied to the facts of this case, having lost the argument on appeal that the trial judge was correct in awarding the appellees title to the entire tract, must the appellees have filed a notice of appeal to argue they are entitled to less than the entire tract on an alternate theory?

You must take the rule as you find it. Under the first sentence of 25.1(c), the appellees did not have to file a notice of appeal. The appellees did not seek to alter the trial court's judgment. They wanted the entirety of the trial court's judgment affirmed just as it was; no changes, no reduction in acreage, and no limitation on the use of any part of the property. They lost. Now what?

The appellees now want to argue a fallback position, a cross-point. They argue that, "if we are not entitled to all of the property, at the very least we established we are entitled to a piece of it." The other sentence from the rule quoted above says this court cannot grant "more favorable relief than did the trial court…." If we were to sustain the cross-point, the resulting judgment in favor of the appellees would not grant more relief than did the trial court's judgment. Thus, I believe we have jurisdiction to address the

cross-point on the merits.

However, having considered the merits of the cross-point, I have determined that it should be overruled. Consequently, I respectfully concur in the substance of this Court's judgment.[1]

TOM GRAY
Chief Justice

Concurring opinion delivered and filed March 17, 2021
Publish



---

[1] It appears that the Court is dismissing the cross-point because they have concluded that the Court does not have jurisdiction of it. That is the proper holding if a notice of appeal is required. Because a notice of appeal is not required, and because the cross-point should be overruled on a review of the merits thereof, the result of the appeal is fundamentally the same.