# Supreme Court of Texas

No. 20-0992

In re Zach Brown,

*Relator*

On Petition for Writ of Mandamus

**PER CURIAM**

Justice Lehrmann did not participate in the decision.

Zach Brown sued FedEx Ground Package System, Inc., alleging injuries resulting from a collision with a FedEx truck.

A week before trial, Brown served FedEx with a subpoena. The subpoena commanded the presence at trial of "[a] Corporate Representative for FedEx Ground Package System, Inc." living within 150 miles of the Harris County Courthouse.

FedEx moved to quash the trial subpoena. FedEx argued that "[t]here is no legal authority for compelling a corporate representative of a party to attend trial and testify," other than through taking a representative's oral deposition under Texas Rule of Civil Procedure

199. Brown responded that Rule 176.2(a) grants that authority, arguing that it permits a party to serve a compliant trial subpoena upon a corporate representative. The trial court denied FedEx's motion to quash.

FedEx sought mandamus relief in the court of appeals,[1] which granted relief. 609 S.W.3d 153, 162 (Tex. App.—Houston [14th Dist.] 2020). The court of appeals relied exclusively on Rule 199, analogizing it to the corresponding Federal Rule of Civil Procedure, 30(b)(6). *Id.* at 160-62. The court observed that the federal courts widely interpret Rule 30(b)(6) to exclude the power to subpoena a corporate representative to testify at trial. The court of appeals agreed with FedEx that, similarly, Rule 199 does not provide such authority. *Id.* Without addressing Brown's argument that Rule 176 confers that authority, the court held that the trial court erred in denying FedEx's motion to quash the trial subpoena. *Id.*[2]

---

[1] While the mandamus proceeding was pending in the court of appeals, Brown withdrew the subpoena and argued that the issue was moot. But FedEx noted that Brown had not abandoned "his pursuit to require FedEx Ground to present a corporate representative to testify at trial." Brown does not raise the mootness issue in this Court.

[2] The court of appeals also granted relief from Brown's trial subpoena seeking to compel FedEx employee Michael Sear, whom Brown's counsel deposed in Pennsylvania and who lives outside the geographic limits of the

In this Court, Brown seeks relief from the court of appeals' ruling. Brown does not challenge the court of appeals' interpretation of Rule 199. Rather, he urges that Rule 176 provides authority for the trial subpoena, and the court of appeals did not address this argument.

When granting relief in an original proceeding, "the court must hand down an opinion as in any other case." TEX. R. APP. P. 52.8(d). Such an opinion must address "every issue raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1; *see Cardwell v. Whataburger Rests. LLC*, 484 S.W.3d 426, 428 (Tex. 2016).

Brown raised the argument that corporate-representative trial subpoenas are available under Rule 176 in both the trial court and the court of appeals. Brown observes that Rule 176.6(b) states that a corporation may "designate one or more persons to testify on its behalf as to matters known or reasonably available to the organization" in response to a valid subpoena "commanding testimony." TEX. R. CIV. P. 176.6(b). He further notes that an appropriate corporate-representative subpoena may command a person to "attend and give testimony at a . . . trial." TEX. R. CIV. P. 176.2(a).

---

district court's subpoena authority. 609 S.W.3d at 159-60. Brown does not challenge this part of the court of appeals' order, which remains intact.

Without comment on the merits, we conclude that the court of appeals was obliged to address Brown's Rule 176 arguments, together with FedEx's other arguments challenging the subpoena,[3] before granting FedEx relief.

\* \* \*

We hold that the court of appeals erred in quashing a corporate-representative trial subpoena as lacking authority under Rule 199 without addressing whether Rule 176 applies and examining the proper scope of that rule in the trial context. Accordingly, without hearing oral argument, TEX. R. APP. P. 52.8(c), we conditionally grant the petition for a writ of mandamus in part and direct the court of appeals to vacate its order granting relief quashing Brown's trial subpoena. The writ will issue only if the court of appeals does not comply.

**OPINION DELIVERED:** September 9, 2022

---

[3] Among other arguments, FedEx also urged in the court of appeals that the trial subpoena was unduly burdensome and costly, given that Brown's counsel had deposed FedEx's safety manager, whom FedEx made available for the topics the subpoena intended to cover, and both parties planned to play videotaped excerpts from the manager's deposition at trial. *See* 609 S.W.3d at 162 n.7. It further urged that its safety manager resided outside the trial court's subpoena range, and the rules do not permit a subpoena commanding a corporate representative to attend trial if no corporate representative with personal knowledge of relevant facts resides within the subpoena range.

4