# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00405-CV

---

**Charles J. Hughes, Appellant**

**v.**

**Tom Green County, Appellee**

---

**FROM THE 51ST DISTRICT COURT OF TOM GREEN COUNTY
NO. A130194C, THE HONORABLE MIKE FREEMAN, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

This appeal arises from a dispute between Charles J. Hughes (Hughes) and Tom Green County. Hughes sued the County for breach of contract based on a settlement agreement and for violation of the Texas Open Meetings Act (TOMA). *See generally* Tex. Gov't Code §§ 551.001–.146. The district court granted summary judgment to the County. We reverse and remand.

## BACKGROUND

When Duwain E. Hughes (Duwain) a longtime resident of Tom Green County, died in 1965, he bequeathed certain mineral interests to Southern Methodist University (SMU) to establish an endowed chair in the English Department. He made two other bequests that are relevant here: his home and its furnishings to the County to be used as a branch library bearing his name and the residue of his estate to the Tom Green County Library for upkeep of the

structure and purchase of new books. The County did not open a branch library but sold the residence and its contents.

By April 1991, SMU's proceeds from the mineral interests exceeded $1.5 million, the highest level of funding permitted by university regulations. The SMU Board of Trustees filed an application in probate court to release the restriction on the use of the bequest, seeking authority to use the excess funds in support of the English Department generally. The County intervened, alleging that the mineral interests reverted to the County under the will's residuary clause after Duwain's intent was accomplished. Hughes, Duwain's nephew, intervened on behalf of himself and Duwain's other heirs at law seeking title to the mineral interests.

The probate court ordered the parties to mediation. Before the mediation occurred, however, the County and the heirs entered a Mutual Partial Assignment (MPA) agreement where they agreed to present a unified defense to SMU's claims and to assign each other 50% of any recovery. The agreement also contained a conditional provision stating that the County would name the "main county library" in honor of Duwain "if the commissioners consider the County's ultimate recovery in the cause to be substantial enough for such recognition."

Hughes and the County settled their claims against SMU for $1 million. On July 6, 1994, the county commissioners ratified both the MPA and the settlement agreement with SMU. The resolution was silent on naming the main county library. The County deposited its share—$400,000 after attorney's fees—into a dedicated account called the "Hughes Library Fund" and began planning for a new library. The County hired architects and commissioned engineering studies of the building that once held the Hemphill Wells department store. In 1998, the county library board recommended against naming the library after any single person; the

2

commissioners court took no action on that resolution. The project languished for more than a decade due to problems with the County's finances.

In 2006, Steve and Pollyanna Stephens initiated a new fundraising campaign that ultimately raised $16,000,000 for the new library building. Construction was complete in early 2011. At an open meeting on March 1, 2011, the commissioners court voted to name the library after the Stephenses and the library's Audio-Visual Department after Duwain. Mindful of the naming provision in the MPA agreement, the resolution stated that the County had determined that $500,000 recovery from SMU was "not substantial enough" to name the library building after Duwain.

In 2013, Hughes sued the County seeking money damages and a declaration that the resolution naming the library after the Stephenses was void because the commissioners did not comply with TOMA. The County responded with a plea to the jurisdiction, arguing that governmental immunity barred Hughes's claims for money damages. The trial court sustained the plea, and Hughes took an interlocutory appeal. This Court agreed that the County was immune, but the supreme court reversed and remanded to the district court. *Hughes v. Tom Green County*, 553 S.W.3d 1, 10 (Tex. App.—Austin 2017), *rev'd*, 573 S.W.3d 212 (Tex. 2019).

On remand, the County filed a traditional motion for summary judgment asserting that Hughes's suit is barred by limitations, the naming provision of the MPA is unenforceable because it is illusory or indefinite, and the County is immune from Hughes's claim under TOMA. Hughes amended his pleadings to drop his request for declaratory relief and to add a claim for an injunction under TOMA requiring the County to rename the library for Duwain. The County did not amend its motion for summary judgment. Following a hearing, the district court signed a final summary judgment ordering that the above-entitled matter "should be

3

dismissed due to the violation of the statute of limitations of four years that applies in this case." This appeal ensued.

## STANDARD OF REVIEW

We review a grant of summary judgment de novo, "viewing the evidence in the light most favorable to the non-movant, crediting evidence favorable to the non-movant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Zive v. Sandberg*, 644 S.W.3d 169, 173 (Tex. 2022). A party moving for traditional summary judgment must demonstrate that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Tex. R. Civ. P. 166a(c). A genuine issue of material fact exists if the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017) (citing *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

Hughes's issues raise questions about the interpretation of the MPA. "A settlement agreement is a contract, and its construction is governed by legal principles applicable to contracts generally." *Austin Tr. Co. v. Houren*, 664 S.W.3d 35, 42 (Tex. 2023). Contract construction is a question of law that we review de novo. *Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 479 (Tex. 2019). Our goal in construing a contract "is to determine and enforce the parties' intent as expressed within the four corners of the written agreement." *Piranha Partners v. Neuhoff*, 596 S.W.3d 740, 743 (Tex. 2020). We "'presume parties intend what the words of their contract say' and interpret contract language according to its 'plain, ordinary, and generally accepted meaning' unless the instrument directs otherwise."

4

*Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 888 (Tex. 2019) (quoting *URI, Inc. v. Kleberg County.*, 543 S.W.3d 755, 763–64 (Tex. 2018)). And we do not construe parts in isolation but "consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless." *Id.* at 889 (citing *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983)).

## DISCUSSION

Hughes argues in four issues that the district court erred because (1) his suit is not barred by limitations, (2–3) the naming provision is neither illusory nor indefinite, and (4) the County did not move for summary judgment on his TOMA claim.

### *Limitations*

We first consider whether Hughes's claim for breach of contract is barred by the statute of limitations, which is the ground the district court relied upon. To "obtain traditional summary judgment on a limitations defense, the defendant must conclusively prove (1) when the cause of action accrued, and (2) that the plaintiff brought its suit later than the applicable number of years thereafter—i.e., that 'the statute of limitations has run.'" *Draughon v. Johnson*, 631 S.W.3d 81, 89 (Tex. 2021) (quoting *Provident Life & Acc. Ins. v. Knott*, 128 S.W.3d 211, 220 (Tex. 2003)). A four-year statute of limitations applies to a claim for breach of contract. *See* Tex. Civ. Prac. & Rem. Code § 16.051 (residual four-year limitations period); *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 707 (Tex. 2021).

Generally, a "cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy." *Archer v. Tregellas*, 566 S.W.3d 281, 288 (Tex. 2018) (citing *Knott*, 128 S.W.3d at 221). Put

5

differently, "a cause of action begins to run 'when a wrongful act causes some legal injury.'" *Eagle Oil & Gas*, 619 S.W.3d at 707–08 (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)). "Under this rule, a cause of action for breach of contract accrues at the moment the contract is breached." *Archer*, 566 S.W.3d at 288 (citing *Cosgrove v. Cade*, 468 S.W.3d 32, 39 (Tex. 2015)). A breach "occurs when a party fails to perform an act that it has contractually promised to perform." *Greene v. Farmers Ins. Exch.*, 446 S.W.3d 761, 765 (Tex. 2014).

Hughes argues that his claim accrued in 2011 when the commissioners court decided to name the library after the Stevenses while the County argues that it accrued in July 1994 when the commissioners voted to approve the settlement with SMU "without naming the main library after any individual person." The County argues that the breach, if any, occurred in 1994 because ratifying the settlement with SMU "triggered" the obligation to decide whether the recovery was substantial enough to name the library after Duwain. The commissioners' vote to ratify the settlement agreement without naming the library was, the County says, effectively a decision that it was not substantial enough. Hughes responds that there is at least a fact issue on when the claim accrued.[1]

We agree with Hughes. The County argues that the MPA implicitly requires the County to decide immediately whether the recovery is substantial enough because the MPA does

---

[1] The district court's order granting summary judgment includes a finding of fact that Hughes's claim accrued on November 18, 1998, when he was "was put on notice" that the County did not intend to name the library after Duwain. Neither party advanced that theory below or defends the findings on appeal. The supreme court has held that the "trial court should not make, and an appellate court cannot consider, findings of fact in connection with a summary judgment." *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997). When a trial court's order nevertheless includes factual findings, the reviewing court "should disregard the factual findings and review the trial court's grant of summary judgment independently to determine if the trial court's ruling was proper." *McEndree v. Volke*, 634 S.W.3d 413, 420 (Tex. App.—Eastland 2021, no pet.).

not identify "any other event or occurrence that would trigger the naming obligation." The County also points out that a "main county library" existed in 1994 and contends that the most natural reading of the MPA's naming provision is referring to that library. To support this reading, the County cites a provision in the SMU settlement specifying that the County "shall use any funds derived from the settlement of the claims made by [the County] in this suit for any purpose connected with operating, supporting, maintaining and housing the Tom Green County Library."[2] This language, in the County's view, "confirm[s] only a present intent to support the current main library and not a new central library to be built sometime in the future." But constructing a new facility to house the main library is a purpose "connected with . . . housing the Tom Green County Library," and the fact that a "main county library" existed in 1994 does not mean the County was required to decide whether to name the library after Duwain at that time. Even if that was the subjective intent of the parties, in construing a contract, "we look not for the parties' actual intent but for their intent as expressed in the written document," *Piranha Partners*, 596 S.W.3d at 744, and the MPA contains no written deadline for the County to decide whether to name the main library after Duwain.

To supply one, the County invokes the rule that "when a contract does not specify a deadline for performance, the law implies that performance must be within a reasonable time." *See In re Marriage of Penafiel*, 633 S.W.3d 36, 46 (Tex. App.—Houston [14th Dist.] 2021, pet. denied). But what constitutes a reasonable time is "based on the facts and circumstances existing on the date of the contract." *Ganguly Holdings, L.L.C. v. Ker-Seva Ltd.*, No. 05-21-00124-CV,

---

[2] "[M]ultiple writings may comprise a contract 'even if the parties executed the instruments at different times and the instruments do not expressly refer to each other.'" *Copano Energy, LLC v. Bujnoch*, 593 S.W.3d 721, 727 (Tex. 2020) (quoting *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 840 (Tex. 2000))). We assume without deciding that the County is correct that the SMU settlement and the MPA jointly comprise a contract.

2022 WL 3024320, at *5 (Tex. App.—Dallas July 29, 2022, no pet.) (mem. op.). Hughes presented evidence that the County began planning a new library immediately after ratifying the MPA and the settlement with SMU: the County deposited its share in a segregated account called the "Hughes Library Fund" and used it to hire architects and commission engineering studies of the Hemphill Wells department store, which is where the library was eventually built.[3] *See Hughes v. Tom Green County*, 573 S.W.3d 212, 215 (Tex. 2019) ("With its part of the settlement, the County began planning for a new library."). The "project languished for more than a decade" because of "financial challenges" resulting from mismanagement of County funds. *Id.* William R. Moore, the County Judge presiding over the commissioners court in 1994 and thereafter, testified by deposition that the county treasurer had mismanaged certain funds, including those in the Hughes Library Fund. Under these circumstances, reasonable people could disagree over whether the 2011 vote came a reasonable time after ratifying the MPA and the settlement with SMU.

Reviewing the record in the light most favorable to Hughes, we conclude that there is a fact issue on when Hughes's claim accrued. The district court therefore erred by granting summary judgment to the County on this ground. *See Draughon*, 631 S.W.3d at 89

---

[3] The County argues that the parol evidence rule prohibits us from considering "discussions and statements outside of the four corners of the Mutual Partial Assignments and related settlement documents to explain the parties' intent." We disagree. The parol evidence rule prohibits using extrinsic evidence of the parties' subjective intent to "show that the parties probably meant, or could have meant, something other than what their agreement stated." *Piranha Partners v. Neuhoff*, 596 S.W.3d 740, 749 (Tex. 2020) (citing *Anglo-Dutch Petroleum Int'l, Inc. v. Greenberg Peden, P.C.*, 352 S.W.3d 445, 451 (Tex. 2011)). It does not prohibit the use of "objectively determinable facts and circumstances that contextualize the parties' transaction" to "clarify the parties' intent as expressed in the text of their written agreement." *Id.* at 749. Thus, it does not prohibit us from considering extrinsic evidence to determine what constitutes a "reasonable time" for performance. *See id.*; *URI, Inc. v. Kleberg County*, 543 S.W.3d 755, 768 (Tex. 2018) (explaining parol evidence rule does not prohibit consideration of "the commercial or other setting in which the contract was negotiated").

(defendant moving for summary judgment on limitations has burden to conclusively prove when claim accrued and limitations began to run). We sustain Hughes's first issue.

### Remaining Issues

Hughes argues in his second and third issues that the County's other grounds for summary judgment—that the MPA's naming provision is illusory or indefinite—are not meritorious. When "the trial court's summary judgment order specifies the ground or grounds upon which it was granted, we generally limit our consideration with regard to the propriety of the summary judgment to the ground or grounds upon which it was granted." *West Loop Hosp., LLC v. Houston Galleria Lodging Assocs*, 649 S.W.3d 461, 480 (Tex. App.—Houston [1st Dist.] 2022, pet. denied) (citing *Rodriguez v. Lockhart Contracting Servs., Inc.*, 499 S.W.3d 48, 63 (Tex. App.—San Antonio 2016, no pet.)). We may, however, also consider other grounds raised in the motion in the interest of judicial economy. *Cincinnati Life Ins. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996). In the light of the fact that we must remand a portion of the case to the trial court based on our conclusion below that the district court improperly dismissed Hughes's TOMA claim, we decline to exercise our discretion to review the additional grounds raised in the County's motion and remand those grounds to the trial court for its consideration in the first instance. *See Cardwell v. Whataburger Restaurants LLC*, 484 S.W.3d 426, 428 n.2 (Tex. 2016) (per curiam) (referencing supreme court's "established jurisprudence regarding the courts of appeals' responsibility to either address alternative grounds or remand for the trial court to do so"); *West Loop Hosp.*, 649 S.W.3d at 480 (declining to address additional grounds because remand required for determination of damages and attorney's fees and remanding for trial court's consideration in first instance); *City of Grey Forest v. Scharf*, No. 04-21-00361-CV,

9

2022 WL 3638249, at *8 (Tex. App.—San Antonio Aug. 24, 2022, no pet.) (mem. op.) (remanding to trial court for consideration of alternative grounds for summary judgment that "trial court did not consider").

**TOMA Claim**

Hughes argues in his fourth issue that the district court erred by dismissing his claim for injunctive relief under TOMA because the County did not move for summary judgment on that claim. A trial court "errs in granting summary judgment on a cause of action not expressly presented by written motion." *Endeavor Energy Res., L.P. v. Cuevas*, 593 S.W.3d 307, 312 (Tex. 2019) (citing *G&H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (per curiam)). Granting summary judgment on a claim not addressed in a motion for summary judgment "is, as a general rule, reversible error." *G&H Towing Co.*, 347 S.W.3d at 297. The County agrees that its motion for summary judgment did not encompass Hughes's TOMA claim. We accordingly sustain Hughes's final issue.

## CONCLUSION

We reverse the district court's grant of summary judgment and remand for further proceedings consistent with this opinion.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Reversed and Remanded

Filed: December 8, 2023

10